IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAMES CHRIS CASTLE aka
J. CHRIS CASTLE,

        Defendant.

No. CIV S-10-0613 GEB EFB PS

ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 2, 2010, the undersigned issued an order setting a status (pretrial scheduling) conference for July 14, 2010 and directing the parties to file a status report within fourteen days of the scheduled conference (or by June 30, 2010). Dckt. No. 13.

On June 30, 2010, plaintiff filed a status report in accordance with the June 2 order; however, no such status report was filed by defendant. Therefore, on July 8, 2010, defendant was ordered to file a status report and to show cause why he should not be sanctioned for his failure to comply with the June 2, 2010 order. Dckt. No. 19 (citing E.D. Cal. L.R. 110, 183; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Rather than filing a status report or a response to the order to show cause, defendant filed a "Notice of Conditional Acceptance of the Order to Show Cause." Dckt. No. 22. In the Notice, defendant states that he "conditionally accept[s]" the order to show cause, upon the court's proof

1

of the following numbered claims:

> 1. That there is not a private settlement in the matter . . . through Plaintiff's attorneys based upon the record and pleadings of the parties;
>
> 2. That the Plaintiff has not stipulated by silence and agreed that jurisdiction is not established by Plaintiff or Plaintiff's attorneys and have agreed to dismiss with prejudice;
>
> 3. That the court provide the contract that obligates me to file anything in your court until jurisdiction is established;
>
> 4. That Magistrate Judge Brennan's ORDER TO SHOW CAUSE is not void for want of jurisdiction;
>
> 5. That I am required to attend status conferences or hearings where the court is in want of jurisdiction;
>
> 6. That Magistrate Judge Brennan is not testifying that I am the defendant or I am pro se;
>
> 7. That any court rules apply until jurisdiction is established by the Plaintiff;
>
> 8. That I have accepted jurisdiction or dishonored this court in any way;
>
> 9. That this case should not be dismissed with prejudice under law (contract) by the record of the parties.

Dckt. No. 22.

According to the amended complaint filed herein, plaintiff "brings this action to obtain a judicial declaration that certain document filed by defendant James C. Castle with the Secretary of State for the State of California against certain employees of the United States are null, void, and without legal effect; and to enjoin the defendant from all future filings of similar documents." Dckt. No. 4, ¶ 1. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1345 and 26 U.S.C. § 7402. Further, although defendant contends that this action has settled, there is no evidence on the record that plaintiff has stipulated to such settlement or to dismissal of the action. Plaintiff's silence in the action (after filing a status report, as ordered, on June 30, 2010) does not indicate that plaintiff has agreed that jurisdiction is improper or that the case

should be dismissed. Therefore, defendant *once again* will be ordered to file a status report and to show cause why he should not be sanctioned for his failure to comply with the June 2, 2010 order. E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Accordingly, IT IS HEREBY ORDERED that:

1. The status (pretrial scheduling) conference currently set for August 25, 2010 is continued to October 6, 2010 at 10:00 a.m. in Courtroom No. 24.

2. On or before September 22, 2010, defendant shall file a status report addressing the issues raised in the June 2, 2010 order, Dckt. No. 11 at 2.

3. On or before September 22, 2010, defendant shall show cause, in writing, why sanctions should not be imposed for his failure to comply with the June 2, 2010 order.

4. If defendant files a status report as ordered, plaintiff is not required to file a further status report or a response to defendant's status report (but if it elects to do so, any such status report or response to defendant's status report shall be filed on or before September 29, 2010).

5. If defendant fails to file a status report as ordered, plaintiff shall file a writing, on or before September 29, 2010, indicating how plaintiff intends to proceed with this action.

6. Failure of defendant to comply with this order will result in the imposition of sanctions, including a recommendation for entry of default against defendant.

DATED: August 13, 2010.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE