IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAMES CHRIS CASTLE aka
J. CHRIS CASTLE,

        Defendant.

No. CIV S-10-0613 GEB EFB PS

ORDER

/

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 2, 2010, the undersigned issued an order setting a status (pretrial scheduling) conference for July 14, 2010 and directing the parties to file a status report within fourteen days of the scheduled conference (or by June 30, 2010). Dckt. No. 13.

On June 30, 2010, plaintiff filed a status report in accordance with the June 2 order; however, no such status report was filed by defendant. Therefore, on July 8, 2010, defendant was ordered to file a status report and to show cause why he should not be sanctioned for his failure to comply with the June 2, 2010 order. Dckt. No. 19 (citing E.D. Cal. L.R. 110, 183; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Rather than filing a status report or a response to the order to show cause, defendant filed a "Notice of Conditional Acceptance of the Order to Show Cause." Dckt. No. 22. Therefore, on August 13, 2010, the undersigned issued a further order to show cause to defendant and

continued the status (pretrial scheduling) conference to October 6, 2010. Dckt. No. 24. The August 13 order required defendant to file, on or before September 22, 2010, a status report addressing the issues raised in the June 2, 2010 order, as well as a writing indicating why sanctions should not be imposed for his failure to comply with the June 2 order. *Id.* at 3. The August 13 order provided that if defendant failed to file a status report as ordered, plaintiff was required to "file a writing, on or before September 29, 2010, indicating how plaintiff intends to proceed with this action." *Id.*

Once again, defendant failed to file a status report or a response to the order to show cause, and instead filed a request for dismissal of this case and a "Notice of Conditional Acceptance of the Order to Show Cause." Dckt. No. 25. Although defendant's multiple failures to comply with this court's orders could result in the imposition of sanctions, on September 29, 2010, plaintiff filed a motion for leave to file a second amended complaint in this action. Dckt. No. 27. Because plaintiff's motion to amend will be granted for the reasons stated below, the status (pretrial scheduling) conference currently set for October 6 will be continued, and the July 8 and August 13 orders to show cause will be discharged.[1]

Motion to Amend

Plaintiff moves to file a second amended complaint in this action, arguing that "[after the United States filed an amended complaint, the Internal Revenue Service ('IRS') uncovered additional sham UCC Financing Statements filed by defendant James Castle against employees of the United States. These sham UCC Financing Statements were filed by defendant James Castle in conjunction with Lara Karakasevic, who the United States wishes to add as a defendant." Dckt. No. 27 at 1. The proposed second amended complaint, which is attached to plaintiff's motion to amend, seeks to "(1) add three additional UCC Financing Statement filings against IRS employees to be expunged, (2) add Lara Karakasevic as a defendant, and (3) request

---

[1] However, defendant is admonished that future failures to comply with this court's orders or with the Local Rules will result in the imposition of sanction.

that Lara Karakasevic also be enjoined from filing nonconsensual lien filings against United States' employees." *Id.* at 1-2.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because plaintiff has already amended its pleading once, plaintiff needs leave of court to file a second amended complaint.

The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff unduly delayed in requesting leave to amend or that the request is made in bad faith. In fact, the United States is requesting leave to amend the complaint to include within its request for expungement additional sham filings that were allegedly made by defendant Castle and which were unknown to the United States or had not yet occurred at the time of filing of the original complaint, and to add an additional party who was

allegedly involved with making those filings.  Further, amendment would not be futile since plaintiff seeks to add to its complaint specific allegations regarding additional alleged sham filings by defendant and to add another defendant who plaintiff alleges was involved with the sham filings.  Finally, amending the complaint will not prejudice defendant because, as plaintiff contends, it "will pursue expunging these sham lien filings by Mr. Castle and Ms. Karakasevic regardless of the outcome of this motion," Dckt. No. 27 at 3, and because defendant has not yet responded to the allegations in plaintiff's complaint or first amended complaint.  Accordingly, plaintiff's motion to file its second amended complaint will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file a second amended complaint, Dckt. No. 27, is granted;

2. Within seven days from the date this order is filed, plaintiff shall file a copy of the second amended complaint as required by Local Rule 220;

3. The status (pretrial scheduling) conference currently set for October 6, 2010 is continued to January 12, 2011 at 10:00 a.m. in Courtroom No. 24;

4. On or before December 22, 2010, the parties shall file status reports addressing the issues raised in the June 2, 2010 order, Dckt. No. 13 at 2; and

5. The July 8 and August 13, 2010 orders to show cause are discharged.

DATED: October 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE