IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. CIV S-10-0613 GEB EFB PS

JAMES C. CASTLE,
a.k.a. J. CHRIS CASTLE; and
LARA KARAKASEVIC,

Defendants.

ORDER TO SHOW CAUSE

_____________________________/

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 17, 2011, plaintiff filed a motion for summary judgment and noticed the motion for hearing before the undersigned on March 23, 2011. Dckt. No. 45. Rather than filing an opposition or a statement of non-opposition to plaintiff's motion for summary judgment and a response to plaintiff's statement of undisputed facts, as required by Local Rules 230(c) and 260(b), on March 1, 2011, defendant James C. Castle filed a "Notice of Conditional Acceptance" of the summary judgment motion.[1] Dckt. No.

[1] Although the title of the document might suggest that it serves as a statement of non-opposition to the motion, the document actually disputes whether defendants are subject to this court's jurisdiction. Neither is it adequate to serve as an opposition brief as it provides no coherent statement of defendants' position regarding the motion for summary judgment. Defendants have filed similar notices of conditional acceptance of other documents filed in this action, *see* Dckt. Nos.

46. The Notice was purportedly filed on behalf of Castle and defendant Lara Karakasevic.[2] *Id.*

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by March 9, 2011. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also*

---

5, 6, 8, 14, 15, 16, 17, 21, 22, 32, 33, 34, 35, 37, 39, 41, 42, and 44. On August 13, 2010, the undersigned rejected many of the arguments made therein. Dckt. No. 24.

[2] Defendant Castle is admonished that he may not file pleadings on behalf of defendant Karakasevic. While a non-attorney proceeding pro se may bring his own claims to court, he may not represent or appear on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Because defendants have failed to file an opposition or statement of non-opposition to plaintiff's motion for summary judgment, as required by Local Rule 230, and have failed to respond to plaintiff's statement of undisputed facts, as required by Local Rule 260, the hearing on plaintiff's motion for summary judgment will be continued. Defendants will be ordered to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to plaintiff's statement of undisputed facts. Defendants will also be ordered to file an opposition to the motion or a statement. A failure to comply with this order may result in a recommendation that plaintiff's motion for summary judgment be granted.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's motion for summary judgment, Dckt. No. 45, is continued to April 27, 2011.

2. Defendants shall show cause, in writing, no later than April 13, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the motion and for failure to timely file a response to plaintiff's statement of undisputed facts.

3. Defendants shall file an opposition to the motion, or a statement of non-opposition thereto, and a response to plaintiff's statement of undisputed facts, no later than April 13, 2011.

4. Failure of defendants to comply with this order will be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted.

////

////

////

5. Plaintiff may file a reply to defendants' opposition, if any, on or before April 20, 2011.

SO ORDERED.

DATED: March 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE